**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**TIMOTHY SULLIVAN**
    - **Plaintiff**,

        **v.**                      **CIVIL NO. 3:10-CV-1492 (CFD)(TPS)**

**STRATMAR SYSTEMS, INC.**,
    - **Defendant**.

### RULING AND ORDER ON PLAINTIFF'S MOTION TO COMPEL

On April 11, 2011, the plaintiff, Timothy Sullivan, filed a motion to compel the defendant, StratMar Systems, Inc. ("StratMar"), to respond to its first set of interrogatories and requests for production dated January 10, 2011. See ECF No. 23, Pl.'s Mot. Compel 1. For the reasons set forth below, Sullivan's motion to compel is **GRANTED in part** and **DENIED in part**.

### I. Introduction

On January 10, 2011, Sullivan served his first and only written set of interrogatories and requests for production on StratMar. Pl.'s Mot. Compel 1. On March 14, 2011, StratMar filed its responses and objections thereto. Id. Counsel for both parties corresponded several times in March and April in a good faith attempt to resolve StratMar's objections. Pl.'s Mot. Compel, McDonald Aff. at 2. Despite these good faith attempts, the parties were unable to resolve StratMar's objections. Id. The instant motion followed on April 11, 2011. See ECF No. 23, Pl.'s Mot. Compel 1.

## II. Standard of Review

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense involved in the pending litigation. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. "Relevance" under Rule 26(b)(1) of the Federal Rules of Civil Procedure has been construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). A party may object to a relevant discovery request, however, if it is "overly broad" or "unduly burdensome." See 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶¶ 33.173[3]-[4] (3d ed. 2004). To assert a proper objection on this basis, however, one must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984)(internal citations omitted). Instead, the objecting party bears the burden of demonstrating "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing

the nature of the burden."  Id.; see also Hickman v. Taylor, 329 U.S. 495, 507 (1947)("the deposition-discovery rules are to be accorded a broad and liberal treatment").

**III. Interrogatories and Production Requests in Dispute**

    **A.    First General Class of Discovery (Interrogatory No. 1 and Request for Production No. 5)**

Sullivan seeks various documents and information concerning the entities which comprise StratMar's "consolidated entities." Specifically, he asks StratMar to identify the name and address of each entity, the dates on which they were incorporated or established, the employees, owners, presidents, and managers they employed, the type of business they perform, and the ways in which they interacted with him between March 2008 and July 2010. Sullivan also asks StratMar to provide documentation supporting its claim that certain business entities did not operate under the same "scope of authority" as StratMar Systems, Inc.  See Pl.'s Mem. 4-5. Sullivan claims that he is entitled to a 5% "EBIT" (Earnings Before Interest and Taxes) in StratMar and its consolidated operations, as well as a 3% "carried interest" in StratMar Systems and its affiliates.  Id.  Citing StratMar's denial that it and its consolidated entities showed a profit in the years 2008, 2009, and 2010, Sullivan argues that information relating to both the scope of authority and the relationship between StratMar's entities is relevant because it will allow him to show that the company was, in fact, profitable in those three years.  Id. at 5-6.

In response, StratMar first expresses concern that Sullivan will use this financial information to sabotage its business interests and customer relationships. Def.'s Mem. 14. In particular, StratMar notes that Sullivan's attorney "did not take any steps to address or dispel those concerns" when StratMar raised the sabotage issue by letter on April 4, 2011. Id. StratMar further notes that Sullivan refused its offer to have him and his attorney meet with its accountant to review StratMar's financials. Id. Second, StratMar argues that Sullivan's requests are overbroad and unduly burdensome, citing the "mountain" of financial information and documents that he has requested. Id. at 14-15. In fact, StratMar claims that the cost of producing the requested documents would "surpass by a large margin" any amount of money that Sullivan could reasonably hope to recover in this case. Id. at 15.

With respect to Stratmar's first concern, anticipated misuse of otherwise discoverable documents and information is not a valid defense to production. A protective order limiting Sullivan's use of these materials would provide ample protection against the sabotage about which StratMar is concerned. With respect to StratMar's complaint regarding the excessive breadth and scope of Sullivan's requests, the court notes that as the objecting party, StratMar must specifically show how plaintiff's requests and questions are overly broad, burdensome or oppressive "by submitting

4

affidavits or offering evidence revealing the nature of the burden." See Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Having merely declared that the cost of producing the requested documents would "surpass by a large margin any amount Plaintiff could reasonably hope to recover in this action," StratMar has not made such a showing and therefore has simply "intone[d] [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Id. Consequently, and in the absence of any argument or showing that the requested materials are not "relevant" under Rule 26 of the Federal Rules of Civil Procedure, Sullivan's motion to compel is **GRANTED** with respect to the first general class of discovery.

**B. Second General Class of Discovery (Requests for Production Nos. 1, 7, 10, 12, 17)**

Sullivan seeks information about his agreements with StratMar regarding compensation, benefits, and bonuses. Specifically, he asks for documentation relating to StratMar's grant to Sullivan of a 3% carried interest in StratMar and its affiliates, a one-year membership to the Glastonbury Hills Country Club, the terms of compensation and benefits associated with StratMar's offer of the Senior Vice President of Operations position, as well as the terms of his employment, compensation, benefits, and job responsibilities in general. Sullivan's central argument is that since "this is a claim for past due compensation, bonuses, and commissions, any

5

agreements for benefits is reasonably calculated to lead [to] the discovery of admissible evidence."  Pl.'s Reply 7.  Sullivan further argues that information concerning his job responsibilities is relevant to his claim that he fulfilled the responsibilities of his employment and to StratMar's competing claim that he did not.

In response, StratMar indicates that it has already provided Sullivan with all the documents in its position that pertain to these requests.  Def.'s Mem. 11.  Sullivan does not challenge StratMar's assertion that it has fully and entirely responded to these production requests.  Pl.'s Reply 7.  Consequently, Sullivan's motion to compel is **DENIED** with respect to the second general class of discovery.

    **C.    Third General Class of Discovery (Requests for Production Nos. 2, 3, 11, 18)**

Sullivan seeks documentation that StratMar provided him when he commenced his employment, information regarding his job title and responsibilities, documentation supporting StratMar's claim that he did not excel as the Senior Vice President of Operations, and documentation listing the job responsibilities he held when he became President in September 2008.  Sullivan argues that these requests are relevant to his claim that he fulfilled his job responsibilities and to StratMar's claim that he did not.  Pl.'s Mem. 7-8.

In response to Sullivan's request for documents relating to his job title and responsibilities, StratMar first asserts the

6

familiar litany that plaintiff's request is overly broad and burdensome, but also notes that it "does not maintain written job descriptions." StratMar's response to Sullivan that it does not keep written records pertaining to this request is appropriate and sufficient. Def.'s Mem. 12. With respect to production requests numbered 3 and 11, StratMar indicates that it has already provided Sullivan with all of the responsive documents it has in its possession. Id. This response is also appropriate and sufficient, particularly since Sullivan has not challenged this assertion. Pl.'s Reply 8.

With respect to production request number 18, which seeks documentation relating to Sullivan's job responsibilities when his title changed to President, StratMar once again declares that this request is overly broad and unduly burdensome since it "could encompass every single document that Plaintiff touched during the eight month period that he held the position of President." Def.'s Mem. 13. The court finds that Sullivan's request is narrow and succinct; there is nothing unduly burdensome or overly broad about asking a company to describe or produce the responsibilities of its president. If StratMar possesses documents that are relevant to that request, it must provide them to Sullivan. Consequently, Sullivan's motion to compel is **GRANTED in part and DENIED in part** with respect to the third general class of discovery.

    **D.**    **Fourth General Class of Discovery (Interrogatory No. 2 and Requests for Production Nos. 21, 32, 35, 36, 37)**

Sullivan seeks various documents and information relating to the 5% EBIT to which he is allegedly entitled, as well as to StratMar's profitability, or lack thereof, from 2008 through 2010. He claims this information, which is "specifically tailored to determine a process that the Defendant used for calculating the company's EBIT for the years in question," is relevant to his claim that he is entitled to a 5% EBIT from StratMar and that StratMar, citing a lack of profit during those years, improperly refused to compensate him in that amount. Pl.'s Mem. 9. In response, StratMar reiterates the same arguments it makes to the first general class of discovery; namely, that the requests are unduly burdensome and that Sullivan will use the financial information to sabotage its business interests. Def.'s Mem. 14-15.

For the reasons set forth in section A, supra, StratMar's arguments are without merit. A protective order limiting the disclosure of StratMar's sensitive financial information would protect the company against any misuse or sabotage by Sullivan. Putting aside StratMar's concern about possible misuse, the requested materials are relevant to Sullivan's claims. The issue is not whether these materials are admissible, reliable, or supportive of Sullivan's claims. Likewise, the question is not whether Sullivan is likely to prevail at trial on these issues. The issue is whether this information may lead to the discovery of relevant, admissible materials. The court finds that it may, and

8

is therefore discoverable. Consequently, Sullivan's motion to compel is **GRANTED** with respect to the fourth general class of discovery.

    E.    **Fifth General Class of Discovery (Interrogatory No. 3)**

Sullivan seeks various information relating to the 3% carried interest he had in StratMar. He claims that this information is necessary to determine the process used for measuring the value of his interest in the company. Pl.'s Mem. 11. By extension, Sullivan claims that this documentation relates to his claim that StratMar has improperly refused to compensate him for his carried interest. In response, StratMar argues that Sullivan is not entitled to any compensation because a payout from his 3% carried interest in the company was never triggered. Def.'s Mem. 13-14. More precisely, although Sullivan was granted a 3% carried interest in StratMar "for as long as he remains with the company," StratMar argues that he would only benefit from his equity interest if there were a profit distribution or other liquidity event, such as a stock swap. Id. StratMar therefore argues that since no such triggering event occurred during Sullivan's tenure with the company which would entitle him to a payout from his 3% carried interest, his requests for information pertaining thereto are irrelevant.

Nevertheless, Sullivan's requests are tailored to the questions of why he received a 3% carried interest in the company, how that interest was calculated, who calculated it, who else

9

received a carried interest, how it was paid, and why he has not received his compensation. These are relevant questions, and StratMar should respond accordingly. Interestingly, StratMar has no trouble explaining in its memorandum of law why Sullivan is not entitled to a payout from his 3% carried interest. Perhaps StratMar should direct those efforts of explanation towards its responses to Sullivan's interrogatories. For that reason, Sullivan's motion to compel is **GRANTED** with respect to the fifth general class of discovery.

### F. Sixth General Class of Discovery (Interrogatories Nos. 2, 4, 5 and Requests for Production Nos. 14, 15, 16, 23, 24)

Sullivan seeks information relating to his claim that he is owed commissions from the Home Depot and Discover Financial Services accounts. He argues that this information is relevant to his claim of compensation and to StratMar's defenses that he did not participate in the procurement of the accounts and that the accounts have not produced the value Sullivan claims. Pl.'s Mem. 12-13. In response, StratMar argues that "[t]here are no documents showing that he ha[s] any right to commissions on [the Discover Financial Services] account, such that one could justify entertaining Plaintiff's broad discovery demands." Def.'s Mem. 16. Furthermore, Stratmar indicates that it sent Sullivan a check that covered the commissions he was due from the Home Depot account, thereby satisfying that element of his complaint. Finally, StratMar reiterates its concern about the security of the financial

10

data that Sullivan seeks.

Again, Stratmar's arguments are misplaced.  The issue is not whether Sullivan is entitled to the commissions in dispute.  The issue is whether StratMar possesses documents that relate to the issue of whether Sullivan is entitled to the commissions.  If these documents are offered at trial, it will be up to the judge to determine their admissibility and it will be up to the factfinder to assign weight to their credibility.  But during the discovery process, this information is relevant and therefore discoverable.  Consequently, Sullivan's motion to compel is **GRANTED** with respect to the sixth general class of discovery.

## IV. Conclusion

For the foregoing reasons, plaintiff's motion to compel (dkt. #23) is **GRANTED in part** and **DENIED in part**.  In addition, the parties are hereby **ORDERED** to meet and confer within fifteen (15) days of this date regarding the entry of a mutually agreeable protective order.  Within thirty (30) days of this date, the parties are **ORDERED** to submit a joint motion for a protective order, which the court will enter forthwith, limiting the disclosure of StratMar's sensitive financial information to protect against any possible misuse or sabotage by Sullivan.

Plaintiff has also moved for an award of reasonable fees incurred in bringing this motion.  The award of any fees in connection with this motion will be considered, on application, at

the conclusion of all proceedings in this case.

This is not a recommended ruling. This is a pretrial ruling and order that is reviewable under the "clearly erroneous" standard of review. See 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 6 (a), 72 (a); and Rule 72.2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. See 28 U.S.C. § 636(b)(1) (written objections to ruling must be filed within fourteen days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 2nd day of August, 2011.**

                                    **/s/ Thomas P. Smith**
                                    **Thomas P. Smith**
                                    **United States Magistrate Judge**